# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SYLVANIUS BELL,

    Plaintiff(s),

v.

EMPLOYMENT SECURITY DIVISION, STATE OF NEVADA, et al.,

    Defendant(s).

Case No.: 2:19-cv-01492-RFB-NJK

**ORDER**

(Docket No. 11)

On November 6, 2019, the Court dismissed Plaintiff's complaint with leave to amend for violating Fed.R.Civ.P. 8. Docket No. 8. The Court advised Plaintiff that a properly pled complaint must provide a short and plain statement of the claim that shows that the pleader is entitled to relief. *Id.* at 2 (citing Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "[a]lthough Rule 8 does not require detailed factual allegations, it demands 'more than labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]o comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995)). Although the Court construes pleadings from *pro se* litigants liberally, such litigants must still comply with the basic requirements of Rule 8. *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

Now pending before the Court is Plaintiff's amended complaint. Docket No. 11. Plaintiff names the same Defendants he named in his original complaint: Employment Security Division,

State of Nevada ("ESD"); Kimberly Gaa; Katie Johnson;[1] and Annette Lexius. *Id.* at 1; *see also* Docket No. 1-1 at 1. The amended complaint appears to start with a discussion of a Nevada state-court case, in which Plaintiff appears to have been a party, that is purportedly related to this case; this discussion takes up almost the first half of the amended complaint and is largely about the judge and opposing counsel in the state case (neither of whom is a defendant in this case) and employees of Defendant ESD. *See* Docket No. 11 at 3–11. The amended complaint then appears to quote the Revised Nevada Code of Judicial Conduct and alleges that the "[state] court violated Plaintiff's rights for not having a lawyer . . . because of his race." *Id.* at 10. The amended complaint then changes course and provides the elements of a *prima facie* case of discrimination under Title VII, but the discussion that follows appears to refer to alleged events that occurred during jobs that Plaintiff has had, and does not appear to implicate Defendants.[2] *See id.* at 12–14. Further, the amended complaint does not appear to actually allege discrimination. Instead, the discussion of discrimination appears to be included as part of Plaintiff's discussion about the state case being, in his opinion, unfair and wrongly decided. *See id.* In sum, Plaintiff's amended complaint is even more jumbled than his original complaint, and the Court cannot decipher any claims made against Defendants.

For the reasons stated above, the amended complaint is **DISMISSED** with leave to amend.[3] Docket No. 11. Plaintiff will have until **March 25, 2020**, to file a second amended complaint. If Plaintiff chooses to file a second amended complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (e.g., the original complaint) to make the second amended complaint complete. This is because, generally, an amended complaint supersedes any previous complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to

---

[1] Defendant Johnson, however, is not mentioned in the body of the amended complaint.

[2] Plaintiff alleges, for example, that he "suffered adverse employment action when he worked with Security Unlimited" at the hands of his supervisor, "Nancy." Docket No. 11 at 12. However, no Defendant is named Nancy.

[3] Although the Court warned Plaintiff that a failure to comply with its previous dismissal order would "**result in the recommended dismissal of this case**," Docket No. 8 at 4, the Court will give Plaintiff a final chance to amend his complaint to comply with Rule 8.

any prior pleading.  Once a plaintiff files a second amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE RECOMMENDED DISMISSAL OF THIS CASE**.

    IT IS SO ORDERED.

    Dated: February 25, 2020

                            Nancy J. Koppe
                            United States Magistrate Judge